# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO ESPINOZA, an individual; and ROSALBA ESPINOZA, an individual,<br><br>　　　　　　　Plaintiffs,<br>　vs.<br><br>BANK OF AMERICA, N.A., a North Carolina corporation; and SRA ASSOCIATES, INC., a New Jersey corporation; and DOES 1-20, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 11cv0894 - IEG(CAB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 6] |

Defendant Bank of America approved Plaintiffs' "short sale" of real property to a third party. When Bank of America's agent, Defendant SRA Associates, attempted to collect the unpaid balance, Plaintiffs filed suit in state court, seeking a declaratory judgment that California's "anti-deficiency" statutes bar Defendants from collecting the unpaid balance. Defendants removed the action to this Court and filed a motion to dismiss. For the reasons stated below, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiffs' complaint **WITHOUT PREJUDICE**.

## BACKGROUND

The following background is taken from Plaintiffs' complaint unless otherwise noted.

In late 2004, Plaintiffs purchased property located in San Diego County at 397 Camino Elevado, Bonita, CA 91902. The purchase was financed with two mortgages, and the mortgages were secured by deeds of trust (DOT 1 and DOT 2) that were executed and recorded.

Over the next two years, Plaintiffs engaged in a series of additional finance transactions.[1] By the end of 2007, Plaintiffs' property was secured by two deeds of trust, DOT 3 (with Washington Mutual Bank) and DOT 5 (with Bank of America); all other deeds of trusts had been terminated.

In October 2009, Plaintiffs entered into an agreement with a third party for a "short sale." Because the agreement was designed to alienate the property for less than the full amount owed on the property, it was contingent on the approval of the two lien holders, Chase Home Finance (as successor-in-interest to Washington Mutual Bank) and Bank of America. Plaintiffs obtained approval for the "short sale" from Chase Home Finance and Bank of America and then closed escrow on the "short sale." On April 1, 2010, Bank of America executed a reconveyance deed that reconveyed DOT 5 back to Plaintiffs, and Plaintiffs transferred ownership of the property to the new buyer.

In November 2010, Defendant SRA Associates, acting on behalf of Bank of America, sent a collection letter to Plaintiffs demanding payment of a $79,652.98 balance. Plaintiffs' obligation to pay the $79,652.98 balance is the subject of this action.

Plaintiffs filed suit in San Diego Superior Court, and Defendants removed the action to this Court on April 27, 2011. [Doc. No. 1.] Plaintiffs seek a declaratory judgment that California's "anti-deficiency" statutes bar Defendants from collecting on the $79,652.98 balance. Defendants filed the present motion to dismiss on May 4, 2011. [Doc. No. 6.] The motion is fully briefed and suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d).

///
///
///

---

[1] In 2006, Plaintiffs refinanced DOT 1 and DOT 2 with Washington Mutual Bank, and a third deed of trust (DOT 3) was executed. DOT 3 was recorded on June 5, 2006. As part of the refinance with Washington Mutual Bank, full reconveyance deeds were executed and recorded, terminating DOT 1 and DOT 2. Soon after recording DOT 3, Plaintiffs took out a mortgage with Bank of America, which was secured by a fourth deed of trust (DOT 4) and recorded. Plaintiffs later refinanced DOT 4 with Bank of America, and a fifth deed of trust (DOT 5) was recorded on November 14, 2007. As part of the refinance with Bank of America, a reconveyance deed was executed and recorded, terminating DOT 4.

# DISCUSSION

## I.   Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009).  A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).  A court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## II.   Analysis

In California, if a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may pursue a non-judicial foreclosure. *Benitez v. Recon Trust, CA*, 2011 WL 998327, at *2 (S.D. Cal. Mar. 21, 2011) (citing *McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237 (1930) ("The law affecting the validity of trust deeds, having been thus early established, has continued to be the law of this state with relation to that form of security . . . it has

1  been long customary in the form and content of such trust deeds to provide for the foreclosure

2  thereof either by an action of foreclosure in the courts or by a trustee's sale, at the option of the

3  trustee or beneficiary thereunder."). A non-judicial foreclosure is subject to the "anti-deficiency"

4  statutes, which prevent the foreclosing lender from obtaining a judgment for any difference

5  between the debt and the proceeds from the sale:

> No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property or an estate for years therein hereafter executed in any case in which the real property or estate for years therein has been sold *by the mortgagee or trustee under power of sale contained in the mortgage or deed of trust*.

Cal. Civ. Proc. Code § 580d (emphasis added). By its terms, section 580d applies "only when a personal judgment against a debtor is sought *after a foreclosure*." *Dreyfuss v. Union Bank of California*, 24 Cal. 4th 400, 407 (2000) (emphasis added).

Here, Plaintiffs do not allege Defendants pursued a foreclosure or exercised the "power of sale" contained in the deed of trust. Instead, Plaintiffs allege *they* pursued a "short sale" of the property. *See* Compl. ¶ 16. That the "short sale" was contigent on Bank of America's approval does not mean the the property was sold by Bank of America as mortgagee under its "power of sale." Because Plaintiffs' allegations do not entitle them to relief under section 580d, and because Plaintiffs do not seek relief under any other provision, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' complaint.[2]

///
///
///
///
///

---

[2] Although Plaintiffs assert two causes of action in their complaint, the Court agrees with Defendants that Plaintiffs seek relief under Cal. Civ. Proc. Code § 580d only. *See* Def.'s Reply at 2. In their first cause of action, Plaintiffs rely on Cal. Civ. Proc. Code § 580d. In their second cause of action, titled "Non-Recourse Loan Under California Law," Plaintiffs do not cite any statutory provisions but refer generally to the anti-deficiency statutes. Addressing Plaintiffs' second cause of action, Defendants argue their right to recover the unpaid balance is not barred by the "one action rule" under Cal. Civ. Proc. Code § 726. *See* Def.'s Mot. at 6. Plaintiffs respond that they "have not raised the one-action rule against Defendants." Pls.' Opp'n at 9. But Plaintiffs do not attempt to differentiate their second cause of action from their first cause of action. *See generally id.*

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants motion to dismiss and **DISMISSES** Plaintiffs' complaint **WITHOUT PREJUDICE**. If Plaintiffs wish to file an amended complaint, they should do so **within 21 days** of the filing of this order. The amended complaint should be a complete document without reference to any prior pleading.

**IT IS SO ORDERED.**

**DATED:** 7/6/2011

*Irma E. Gonzalez*

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**